## KYES v. WILCOX *et al.*

Under Comp. Laws, § 4885, declaring that where a complete determination of the controversy cannot be had without the presence of other parties the court must cause them to be brought in, where defendant's answer to a complaint for the determination of plaintiff's interest in land alleged that defendant had conveyed an undivided part thereof before the commencement of the suit, without stating to whom the land was conveyed, plaintiff was entitled to have the answer amended to show the name of defendant's grantee, since such transaction affected his rights in the land. and the grantee was a necessary party defendant.

(Opinion filed June 1, 1900.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action by Asel Kyes against Albert B. Wilcox and others to determine plaintiff's interest in land. From an order requiring defendants to make their answer more specific, they appeal. Affirmed.

The facts are stated in the opinion.

*N. J. Cramer,* for appellants.

To refuse to require unnecessary or redundant allegations to be made more definite and certain is not error. McCarville v. Boyle, 62 N. W. 517; Spensley v. Mfg. Co., 22 Id. 574; Free-

man v. Transportation Co., 36 Wis. 517; Stone Co. v. Stewart, 34 N. E. 1019.

An order granting a motion to make the answer more specific and certain is an appealable order as it involves the merits of the action. Pugh v. Railroad, 13 N. W. 189; Schaetzel v. City, 60 N. W. 741, 6 S. D. 134; White v. Railroad, 41 N. W. 730; Nichols v. Crittendon. 43 N W. 105; Brown v. Cooper, 67 N. W. 378; Swift v. Hartwell. 63 N. W. 333; Bickzen v. Kendall, 34 N. W. 383; Gaynor v. Blewett, 57 N. W. 44; Robinson v. Town, 51 N. W, 578; Greeley v. Winsor, 50 N. W. 630; People Ice Co. v. Schlenker, 52 N. W. 219; Newman v. Board, 41 N. W. 961; Shenners v. Railroad, 43 N. W. 103; Specht v. Spangenberg, 30 N. W. 875; Vermelye v. Vermelye, 32 Minn. 499; Lee v. Buckheet, 4 N. W. 1077; Deloney v. Schuette, 5 N. W. 796; Hoye v. Railroad 27 N. W. 309; Shelton v. Wade, 51 Am. Dec. 722; Starbuck v. Dunklee, 88 Am. Dec. 68; Kirby v. Ramsey, 68 N. W. 328; Adamson v. Raymer, 68 *Id.* 1000; Hopper v. Ashland, 54 N. W. 1024; King v. Nichols, 55 N. W. 604; Dewald v. Dewald, 62 Wis. 124; Minneapolis Trust Co. v. Menage, 69 N. W. 224; Milbauer v. Schlotten, 69 Id. 984; Allen v. Church, 70 N. W. 127; Patterson v. Aar'd, 71 N. W. 543; Mattison v. Smith, 19 Abb. Pr. 288; Kellogg v. Baker, 15 Abb. Pr. 286; St. John v. Beers, 24 Com. Pr. 377; People v. Ryder, 12 N. Y. 433; Brown v. Railroad, 6 Abb. 237; Clark v. Farley, 3. Duer. 645.

*French & Orvis*, for respondent.

HANEY, J. In this action the plaintiff's complaint alleges, among other things, that the defendant, Albert B. Wilcox, induced the plaintiff, Asel Kyes, by means of fraud, to advance

two-thirds of the purchase price of about 50 acres of land in the state of Indiana, near Chicago, under the belief that it was one-fourth the purchase price of said land, and that it was agreed that the title to said land should be taken in the name of said Wilcox, in trust and for convenience; that in fact plaintiff, Kyes, paid two-thirds of the purchase price of said land; and he demands judgment that the defendant, Albert B. Wilcox, be restrained from conveying or incumbering the land; that he be decreed to hold the undivided two-thirds thereof in trust for said Kyes, that he be required to convey the same to said Kyes; and that Kyes have a money judgment against said Wilcox for such sum as he may be entitled to under the facts of the case. The answer of the defendant, Albert B. Wilcox, among other things, denies all allegations of fraud; admits that 40 acres of the tract of land in question were conveyed in trust, and that the plaintiff, Asel Kyes, was the owner of an undivided fourth interest therein; denies that said Kyes ever had any interest in any portion of the land, except said 40 acres. The answer further alleges that, prior to the commencement of this action, Albert B. Wilcox conveyed an undivided three-fourths of the 40-acre tract, in which he admits that the plaintiff, Kyes, owns a one-fourth interest, but the answer does not state to whom the three-fourths interest in said land was conveyed. The other allegations in the pleadings are not deemed material to an understanding of the question raised on this appeal. After the answer was served on the plaintiffs' attorneys, a motion was made on behalf of plaintiff for an order requiring the defendant, Albert B. Wilcox, to make his answer more specific and certain by alleging the name of the person to whom the conveyance was made, the consideration paid or

agreed to be paid therefor, the date of the transfer, and certain other matters not deemed material. After hearing the motion, the trial court made an order that the motion, so far as it asked for the name of the person to whom the conveyance was made, be granted; that the answer be so amended as to state the name of the grantee or grantees in the conveyance referred to in the answer. No other relief was granted by the order, and this appeal is from the order so made.

Defendants cannot with propriety assert that any allegation of their answer is immaterial or redundant. Nor is the allegation that they have conveyed a portion of the premises involved in this action immaterial. If any part of the property has been transferred, the transfer affects the rights of the plaintiff, and the transferee should be made a party defendant. Comp. Laws, § 4885. It is unnecessary to determine whether such an order is appealable. The action of the circuit court is affirmed.